**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| LISA LUBERTS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. |
| ) | |
| MOTOR WERKS OF HOFFMAN ESTATES, ) | |
| INC., an Illinois Corporation, ) | |
| ) | |
| Defendant. ) | Jury Trial Demanded |

## COMPLAINT

Plaintiff Lisa Luberts, by her attorneys Favaro & Gorman, Ltd., pursuant to the Family Medical Leave Act, 29 U.S.C. § 2601, *et seq*. ("FMLA"), the Employee Retirement Income Security Act, 29 U.S.C. § 1001, *et seq.* ("ERISA"), and the Americans With Disabilities Act, 42 U.S.C. §§ 12101, *et seq.*, ("ADA") brings this action against defendant Motor Werks of Hoffman Estates, Inc., an Illinois corporation, for terminating Luberts' employment: (a) because her husband Kenneth Luberts became critically ill; (b) because Luberts took a leave of absence to care for Kenneth; (c) because Motor Werks' management wanted to cut off Kenneth's claims against Motor Werks' self-insured group health plan; and (d) because Motor Werks' management was uncomfortable with Luberts' relationship with Kenneth, and the effect that the treatment for his disability might have on Motor Werks' health plan.

**Jurisdiction And Venue**

1.   This Court has jurisdiction over this action pursuant to 29 U.S.C. § 2617(a)(2) (FMLA); 29 U.S.C. § 1132 (ERISA); 42 U.S.C. § 2000e-5(f)(3), as incorporated by 42 U.S.C. § 12117 (ADA); 28 U.S.C. § 1331 (federal question), and 28 U.S.C. § 1343(a)(4)(civil rights violation).

2.   Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(1)-(2); 29 U.S.C. § 1132 (ERISA); 29 U.S.C. § 2617(a)(2)(FMLA); and 42 U.S.C. § 2000e-5(f)(3), as incorporated by 42 U.S.C. § 12117 (ADA), because Motor Werks is found in this district, Motor Werks' health plan is administered in this district, and Motor Werks' illegal acts occurred in this district.

**Jurisdictional Prerequisite**

3.   Luberts filed a charge of employment discrimination with the U.S. Equal Employment Opportunity Commission on or about June 26, 2013.

4.   Luberts requested a right to sue from the EEOC on August 29, 2014. Luberts will file an Amended Complaint upon receipt of the Notice of Right to Sue.

**Parties**

5.   Luberts is a former employee of Motor Werks at its Hoffman Estates, Illinois dealership.

6.   Motor Werks is an Illinois corporation, operating an automobile dealership in Hoffman Estates, Illinois under the assumed names Mercedes Benz of Hoffman Estates and Motor Werks Certified Outlet. Motor Werks is part of an auto group that employs more than 400 employees in five locations in Hoffman Estates and Barrington, Illinois.

## Nature of the Case

7. This is action for damages suffered by Luberts due to the illegal termination of her employment by Motor Werks because she took FMLA leave to care for her critically ill husband. because Motor Werks wanted to avoid the effect that her husband's medical expenses would have on Motor Werks' group health plan, and because Motor Werks' management was uncomfortable that her husband had a disability. Motor Werks' actions violated the FMLA, the anti-interference provisions of ERISA, and the ADA.

## Facts

8. Luberts was employed by Motor Werks from January, 2006 to August, 2012, most recently in the position of clerk in the license and title department. Luberts had six years of prior experience of the same or a similar nature at other auto dealerships.

9. Luberts' superiors rarely conducted a formal review of her performance, but the evaluations she received were positive.

10. Luberts and Kenneth both participated in Motor Werks' group health plan, which is self-insured but administered by Blue Cross Blue Shield.

11. On February 15, 2012, Kenneth suffered a brain aneurysm, causing him to undergo brain surgery, endure an extended hospital stay, and suffer significant follow-up care and treatment.

12. Luberts used her accrued vacation days to care for her husband from February 16, 2012 to February 24, 2012.

13. On March 6, 2012, Luberts turned in her application for FMLA leave to Motor Werks.

14. In addition to providing Motor Werks the formal FMLA paperwork, which stated Kenneth's condition, Luberts informed Motor Werks' management about her husband's ordeal and that she had to care for him.

15. After filing for FMLA leave, Luberts used one vacation day to care for her husband. Other times, she left work early or came in late, subsequently making up her time off for all but one occasion.

16. In August, 2012, Motor Werks directed Luberts to train a new employee in the duties she had been performing. Luberts did so, working more than ten hours of overtime that week in order to complete her own duties and train the new person. At the end of the week, on August 31, 2012, Motor Werks fired her, giving her no more explanation than her employment was "at will."

### Count 1 – Violation of FMLA

17. Paragraphs 1 through 16 are incorporated by reference.

18. Luberts brings Count 1 pursuant to the FMLA.

19. The FMLA permits an employee who satisfies certain requirement up to twelve weeks of leave during a twelve month period in order to care for a spouse with a serious illness. 29 U.S.C. § 2612(a)(1)(C).

20. Luberts met the requirements for an FMLA leave to take care of her husband.

21. It is illegal for an employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided by the FMLA. 29 U.S.C. § 2615(a)(1).

22. Motor Werks interfered with, restrained and denied Luberts the exercise of her right to FMLA leave by firing her.

23. As the direct result of Motor Werks' illegal termination of Luberts' employment, she suffered damages in the form of lost compensation and benefits.

### Count 2 – ERISA Interference

24. Paragraphs 1 through 16 are incorporated by reference.

25. Luberts brings Count 2 pursuant to ERISA.

26. ERISA governs the administration of certain employee benefits, including group health plans such as the Motor Werks' self-insured plan.

27. As participants in Motor Werks' health plan, Luberts' rights and those of her husband were protected by ERISA. Therefore, Motor Werks was required by law to pay Kenneth's medical bills to the extent promised by its plan.

28. It is illegal to terminate an employee for exercising a right guaranteed by ERISA, or for the purpose of interfering with a participant's right to benefits covered by ERISA. 29 U.S.C. § 1140.

29. Motor Werks fired Luberts because her husband had incurred large medical expenses and would likely incur additional large expenses which Motor Werks, being self-insured, would have to pay from its own general funds.

30. As the direct result of Motor Werks' illegal termination of Luberts' employment, she suffered damages in the form of lost compensation and benefits.

### Count 3 – ADA Violation

31. Paragraphs 1 through 16 are incorporated by reference.

32. Luberts brings Count 3 pursuant to the ADA.

33. The ADA prohibits discrimination by an employer against an employee because of the employee's relationship with a person with a disability. 42 U.S.C. § 12112(b)(4).

34. Motor Werks' terminated Luberts because of her relationship with Kenneth, who had suffered an injury to his brain.

35. Motor Werks violated the ADA by terminating Luberts' employment.

36. As the direct result of Motor Werks' violation of the ADA, Luberts suffered the loss of compensation and benefits, emotional distress, and damage to her career.

WHEREFORE, plaintiff Lisa Luberts requests judgment in her favor and against defendant Motor Werks of Hoffman Estates, Inc., awarding her:

A. Luberts' lost wages;

B. The cost of Luberts' lost benefits;

C. Punitive damages;

D. Her reasonable attorneys' fees; and

E. The costs of this action.

## Jury Demand

Plaintiff Lisa Luberts demands a trial by jury of all claims for which the right to a jury trial is afforded.

*Dennis R. Favaro* _____
One of Plaintiff's Attorneys

Dennis R. Favaro
Patrick J. Gorman
Andrew H. Haber
Patricia L. Jochum
Favaro & Gorman, Ltd.
835 Sterling Avenue
Suite 100
Palatine, Illinois 60067
(847) 934-0060